UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ZACHERY BRADLEY, et al. | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiffs, | ) | 3:06 CV 0062 (WWE) |
| | ) | |
| vs. | ) | |
| | ) | |
| FONTAINE TRAILER COMPANY, INC., | ) | |
| | ) | |
| Defendant | ) | April 23, 2012 |
| | ) | |

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OR REFERENCE TO THE BLOOD ALCOHOL CONTENT OR CONSUMPTION OF ALCOHOL OF ANY OF THE PLAINTIFFS**

Plaintiffs move the court, *in limine*, pursuant to Federal Rules of Evidence 401, 402 and 403, for an order excluding the following from the trial of the above-captioned case: any reference to, discussion, statement, testimony and/or documentary evidence concerning whether any of the occupants of the Tahoe driven by Sean Fenton were intoxicated or reference to the consumption of alcohol. Additionally, plaintiffs move the court to preclude any reference to or evidence of the blood alcohol content ("BAC") of the plaintiffs. Such evidence will serve only to prejudice the plaintiffs and is irrelevant to the claims at issue. Moreover, admission of such evidence risks an undue consumption of time by litigating peripheral and irrelevant matters.

I.      **Factual Background**

This product liability claim arises from a tragic collision that occurred on January 17, 2003, on Interstate 95 in Fairfield, Connecticut, in which four Yale students were killed and four others seriously injured.  A Tahoe driven by Sean Fenton crashed into a dark, disabled trailer on I-95 in Fairfield.  Four of the occupants of the Tahoe were killed.  Their estates, along with four survivors of the crash, filed suit against Fontaine Trailer, the manufacturer of the trailer struck by the Tahoe.

The product liability case against Fontaine Trailer Manufacturer is set to proceed to trial on May 1, 2012. Plaintiffs move to prohibit any reference to, discussion, statement, testimony and/or documentary evidence concerning the BAC of any of the plaintiffs or referencing consumption of alcohol/intoxication. All of the occupants were traveling home from a fraternity event in New York City.  The defense took many depositions of fraternity members who were not involved in the crash.  The primary focus of those depositions was alcohol consumption, not only on the night of the crash, but also on other occasions.  The plaintiffs believe that defendant intends to offer evidence of BAC and consumption of alcohol to create jury confusion and prejudice. It is essential to note that the driver of the vehicle, Sean Fenton, had a BAC of 0.0 and was elected by the fraternity to be the designated driver for this event. Thus, any reference to alcohol consumption or BAC is not relevant to this case.

**II.     Law and Analysis**

In the present action, the admission of the purported evidence of BAC and the consumption of alcohol would violate Fed. R. Evid. 401, 402 and 403, as it is irrelevant and would be unduly prejudicial to the plaintiffs.   See, e.g.  *Tunnell v. Ford*, 330 F. Supp. 748 (W.D.Va 2004) (passenger's alcohol consumption not admissible in product liability action); *Straley v. U.S.*, 887 F. Supp 728 (D.NJ. 1995) (driver's consumption of alcohol more prejudicial than probative in product liability action); *Ahlberg v. Chrysler*, 2006 U.S. Dist. Lexis 98800 (plaintiff's past use/history of alcohol consumption irrelevant in product liability action).

    a.   Irrelevant evidence is not admissible.

Only evidence that makes a fact of consequence more or less probable is admissible. Any evidence that does not further this goal is deemed inadmissible. Fed. R. of Evid. 401 states: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. of Evid. 402 makes clear that evidence that is not relevant is inadmissible.  "A material fact [or fact of consequence] is one that would affect the outcome of the suit under the governing law." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006) (internal quotation marks omitted).

There is no permissible purpose under which defendant could argue that the evidence of the plaintiffs' BAC is relevant in this case. Evidence of the BAC of the plaintiff passengers has no tendency to make a fact of consequence more or less likely. Evidence of alcohol consumption

and BAC has only a tendency to prove the drinking habits of the plaintiffs that night. This fact is not, in any way, a fact of consequence. Therefore, the plaintiff passengers BACs are entirely irrelevant.

Furthermore, any evidence of whether, and to what extent, the plaintiffs were drinking alcohol on the night of the accident does not make a fact of consequence in a product liability lawsuit more or less likely. There is no legitimate rationale for how such information could be deemed relevant, especially under the circumstances where Sean Fenton had no alcohol in his system at the time of the tragic collision. Plaintiffs believe that if any such evidence was submitted it would only serve to confuse and mislead the jury. The case against Fontaine sounds entirely in products liability, and evidence of intoxication, or lack thereof, is not relevant.

        b.  <u>Even if relevant, the evidence is inadmissible under Fed. R. of Evid. 403.</u>

Fed. R. of Evid. 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Thus, evidence should be prohibited when its relevance is diminished by its prejudicial nature. Clearly, use of alcohol, particularly by college students, is an issue that has tremendous potential for evoking strong emotional responses from a jury. The risk of such a response, weighed against the limited value of the evidence, requires the exclusion of the evidence.

As stated above, evidence of BAC and/or the amount of alcohol consumption by the plaintiffs on this night or any other occasion has no relevance. However, if this court finds it has any relevance, the evidence's probative value is clearly outweighed by its prejudicial effect and the likelihood that it would result in jury confusion. This is a product liability case; not a negligence claim.  The plaintiffs' consumption of alcohol was not a factor in the crash or their injuries.  Thus, the prejudicial effect of linking this tragic accident to alcohol use is unfair, confusing, misleading and a waste of judicial resources.   The jury may be strongly influenced by their preconceived notions regarding late night alcohol consumption and BAC. This would substantially prejudice all the plaintiffs, and confuse the significant legal issues in the case that have nothing, whatsoever, to do with alcohol consumption.

### III.     Conclusion

For the reasons set forth above, the plaintiffs move this court to preclude any evidence of plaintiffs' BAC or alcohol consumption.

                THE PLAINTIFFS ZACHERY A. BRADLEY;
BARBARA S. MILLER AND LAWRENCE
BURNAT, ADMINISTRATORS OF THE
ESTATE OF KYLE BURNAT; AND
ANDREW T. DWYER AND CYNTHIA DWYER,
CO-EXECUTORS OF THE ESTATE OF
ANDREW K. DWYER


By    /s/ Kathleen L. Nastri
       Kathleen L. Nastri
       Federal Bar No. ct01704
       Koskoff, Koskoff & Bieder
       350 Fairfield Avenue
       Bridgeport, CT 06604
       (203) 336-4421
       (203) 368-3244 facsimile
       knastri@koskoff.com

**CERTIFICATION**

The undersigned hereby certifies that on this 23rd day of April, 2012, copies of the foregoing were served on all counsel of record electronically pursuant to the Court's Electronic Case Filing Program.


/s/ Kathleen L. Nastri
Kathleen L. Nastri